## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**PAUL CHANDLER, JR.,**

      **Plaintiff,**

**v.**                            **CASE NO.: 4:21-CV-265-WS-MAF**

**DR. EDWARD SCOTT, DDS,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon Plaintiff's filing of a second amended complaint, ECF No. 8, responding to the Court's second order to amend, ECF No. 5. Plaintiff paid the $402 filing fee. ECF No. 1. Despite the Court's explicit directives, Plaintiff's second amended complaint contains the same deficiencies as his prior filings. ECF No. 8. For the reasons stated below, the case should be dismissed.

**I.    Relevant Litigation History**

Plaintiff, a non-prisoner, proceeding *pro se*, initiated this case by filing a legally insufficient civil rights complaint pursuant to 42 U.S.C. § 1983, apparently raising medical malpractice claims against a Florida dentist. ECF No. 1. Plaintiff submitted the proper civil complaint form but did not provide any dates relating to the treatment and did not request any specific relief. Id.

Plaintiff attached 166 pages of exhibits, which included medical billing records and case documents from a Georgia lawsuit in which he was being sued for failing to make payments on the debt for the dental services.[1] ECF No. 1-1. One of the exhibits provided by Plaintiff is a letter from an attorney he retained. The letter is directed to "CareCredit/Synchrony Bank" "regarding a potential dental malpractice claim [Plaintiff] may have for dental work he received. The expenses accrued on the above account were a result of the potentially deficient dental work . . . ." ECF No. 1-1, p. 27. The Court reviewed the complaint and found it legally deficient as a shotgun pleading. ECF No. 3. The Court also informed Plaintiff that it was impossible to determine from the pleading whether his claims were within the statute of limitations. Id.

Next, Plaintiff filed a first amended complaint which failed to comport with the Court's order. ECF No. 4. For similar reasons, the Court again found the complaint impermissible and legally deficient. ECF No. 5. The Court issued a final order to amend and provided directives. Id. Specifically, the Court informed Plaintiff that without any dates alleged, it was impossible to know whether Plaintiff's claims fall within the two-year statute of limitations

---

[1] The court documents from the magistrate court of Decatur County, Georgia. Id., pp. 6-12, 16-17. The civil action number for the case is 21-549CS. Id., pp. 6-7. It does not appear that the magistrate court makes the case records available via the internet. https://www.decaturcountymagistrate.com/. Accessed August 24, 2021.

for medical malpractice claims. ECF No. 5. In addition, the Court explained that the exhibits Plaintiff submitted suggest that a state case was filed; and pursuant to <u>Younger v. Harris</u>, 401 US. 37, 41 (1971) the Court may not enjoin state court proceedings. <u>Id</u>. The Court directed Plaintiff to complete the section for state case information in the proper section of the civil rights complaint form. <u>Id</u>.

Eventually, Plaintiff filed a second amended complaint, which is legally insufficient and not on the proper form. ECF No. 8.

## II.   Plaintiff's Second Amended Complaint, ECF No. 8, is legally insufficient.

Plaintiff, a Georgia resident, raises a "medical negligenc[e]" claim against Dr. Edward Scott, a Florida dentist, for treatment he received on a tooth. ECF No., p. 4. According to Plaintiff, Dr. Scott placed a crown over a rotten tooth that was not properly prepared beforehand. <u>Id</u>. Plaintiff alleges that Dr. Scott told him to keep the tooth brushed and everything would be alright. <u>Id</u>. Plaintiff generally alleges he suffered "bodily injury." <u>Id</u>., p. 6. Plaintiff claims he cannot chew on the right side of his mouth. <u>Id</u>., p. 5.

According to Plaintiff, he paid the dental bill through Synchrony Bank and alleges that the dentist admitted to Attorney Summer[2] that he provided

---

[2] The Court reviewed Plaintiff's exhibits. On March 24, 2020, Attorney Jackson Summers sent a letter to Synchrony Bank stating he was retained by Plaintiff "regarding a potential

Plaintiff medication and placed the crown over a rotten tooth that was not prepared. Id., pp. 4-5.

Plaintiff seeks $70,000 for bodily injury because he will never have the use of the right side of his mouth. Id., p. 6.

## III.   Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to ''give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations

---

dental malpractice claim" and the outstanding charges relate to "potentially deficient dental work." ECF No. 1-1, p. 27.

omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff presents a dental malpractice suit against Dr. Scott but does not provide sufficient facts to support a claim. For example, Plaintiff only states that Dr. Scott put a crown on a tooth that was not properly prepared. ECF No. 1, pp. 4. Plaintiff does not explain anything further; his claim that he cannot chew on the one side, without more, is insufficient to state a claim.

Furthermore, Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff fails to set forth the date(s) of the incident and the place where it occurred. See Iqbal, 556 U.S. at 678. This does not provide Defendant with sufficient notice of the actions giving rise to a claim. Finally, legal conclusions are insufficient.

## IV.  Statute of Limitations

The Court previously advised Plaintiff that the statute of limitations period for medical malpractice claims in Florida is just two years. Fla. Stat. § 766.102. Federal courts must apply state law in determining the statute of

limitations applicable to federal cases. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" <u>Heard v. Publix Supermarkets, Inc</u>., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)).

Without any dates alleged, it is impossible to know whether Plaintiff's claims fall within two-year statute of limitations; thus, the case is subject to dismissal. The Court issued two orders directing Plaintiff to provide the date(s) of treatment and advised him about the statute of limitations period; yet, Plaintiff has continued to ignore the Court's directives.

## V.   The Complaint Fails to Comply with the Local Rules and with the Court's Orders

Despite the Court's prior orders, Plaintiff's complaint fails to comply with the Local Rules. The Court previously advised Plaintiff that he must submit his complaint on the proper form. Local Rule 5.7(A) provides that *pro se* civil-rights complaints ordinarily will not be considered by the Court unless the appropriate form has been properly completed and filed by the litigant. The use of a prescribed form was adopted to promote efficiency and judicial economy while at the same time safeguarding litigants' rights. The first two complaints were on the proper form; however, for the second amended complaint, Plaintiff used a form designated for prisoners. He is not a prisoner.

On the form, Plaintiff avoids informing the Court about any state litigation relating to the claims in this case. Interestingly, the prisoner form filed by Plaintiff is missing page 3, which requires the disclosure of previous lawsuits that may result in the dismissal of the instant case. Although the complaint is on the incorrect form, Plaintiff ignored the Court's directive to provide case information and the dates of treatment.

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc</u>., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting <u>Chambers v. NASCO, Inc</u>., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). <u>Id</u>.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. <u>Gratton v. Great American Communications</u>, 178 F.3d 1373, 1374 (11th Cir. 1999). This Court cannot proceed with a complaint that fails to comport with the Rules.

Plaintiff failed to amend the complaint as directed. The Clerk provided Plaintiff with the proper forms. The court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss the action. ECF No. 5. Dismissal is warranted.

## VI.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint be **DISMISSED** without prejudice for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1 and as an impermissible shotgun pleading. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("while dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

IN CHAMBERS at Tallahassee, Florida, on August 24, 2021.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).